IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RICHARD V. HARRISON, <br><br> Plaintiff, <br><br> v. <br><br> BOARD OF REGENTS OF THE UNIVERSITY SYSTEM OF GEORGIA, et al., <br><br> Defendants. | CIVIL ACTION FILE NO. <br><br> 1:11-CV-1312-JEC-JFK |

**FINAL REPORT AND RECOMMENDATION**

The above-styled employment discrimination case is before the court on a motion to dismiss filed by Defendants Board of Regents of the University System of Georgia, Cherryl F. Arnold, Everett L. Boyer, Dethra U. Giles, and Dr. Douglass F. Covey, Sr. [Doc. 35]. Defendants argue that Plaintiff Richard V. Harrison's second amended complaint [Doc. 33] should be dismissed pursuant to Federal Rule of Civil Procedure 41(b). According to Defendants, Plaintiff ignored the district court's order and filed a "shotgun" complaint which does not satisfy the pleading requirements set forth in Federal Rules of Civil Procedure 8 and 10. [Doc. 35 at 1-6]. Defendants also contend that Plaintiff's complaint should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. [Id. at 7-15].

On September 27, 2011, this court issued a report and recommendation [Doc. 26] on Defendants' motion [Doc. 15] to dismiss Plaintiff's first amended complaint [Doc. 4]. The undersigned noted that Plaintiff's complaint was a typical "shotgun" pleading which the Eleventh Circuit Court of Appeals admonishes litigants for filing. [Doc. 26 at 7-11, 28-29]. "These types of cases invariably begin with a long list of general allegations, most of which are immaterial to most of the claims for relief. The general allegations are incorporated by reference into each count of the complaint. . . ." Johnson Enters. of Jacksonville, Inc. v. FPL Group, Inc., 162 F.3d 1290, 1333 (11th Cir. 1998); accord United States ex rel. Atkins v. McInteer, 470 F.3d 1350, 1354 n.6 (11th Cir. 2006) (Noting that the complaint was "a typical shotgun pleading" with more than 60 introductory paragraphs which were incorporated into the first and succeeding counts, along with the paragraphs for each prior count, the court stated, "We have condemned this sort of pleading on several occasions."). Plaintiff Harrison's complaint was 105 pages long and contained 344 paragraphs. [Doc. 4]. Each of Plaintiff's ten counts incorporated by reference an unfocused list of general allegations contained in paragraphs 14 through 299. [Id.].

Shotgun complaints "divert already stretched judicial resources into disputes that are not structurally prepared to use those resources efficiently." Wagner v. First

Horizon Pharm. Corp., 464 F.3d 1273, 1279 (11th Cir. 2006). The Eleventh Circuit has instructed trial courts to require repleaders when faced with shotgun pleadings. See Atkins, 470 F.3d at 1354 n.6. One of the reasons for requiring a more definite statement or repleader is to ensure compliance with Federal Rules of Civil Procedure 8 and 10. Rule 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (as amended 2007). And Rule 10(b) provides in pertinent part that "[a] party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances. . . . If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count. . . ." Fed. R. Civ. P. 10(b) (as amended 2007). The Eleventh Circuit has warned courts faced with shotgun pleadings: "If the trial judge does not quickly demand repleader, all is lost–extended and largely aimless discovery will commence, and the trial court will soon be drowned in an uncharted sea of depositions, interrogatories, and affidavits." Johnson Enters., 162 F.3d at 1333.

The undersigned explained in the report and recommendation, "The allegations in the complaint before the court do not satisfy either Rule 8 or 10." [Doc. 26 at 11]. However, the court concluded that "dismissal is not warranted at this stage of the

proceedings on some of Plaintiff's claims because it appears that he might be able to draft a complaint that satisfies the pleading requirements of the Federal Rules of Civil Procedure." [Id.]. The undersigned then explained that repleader was necessary and provided Plaintiff with detailed instructions regarding what he should include in his substituted amended complaint. [Doc. 26 at 29-30]. The district court adopted the undersigned's report and recommendation in an order dated October 10, 2011. [Doc. 32]. The district court also wrote, "Specifically, plaintiff is directed to file a substituted amended complaint that complies with the Federal Rules of Civil Procedure within twenty-one (21) days of this Order. If plaintiff fails to file an appropriate substituted amended complaint within twenty-one (21) days, this action will be dismissed with prejudice." [Doc. 32 at 2-3].

On November 8, 2011, Plaintiff filed a second amended complaint. [Doc. 33]. This complaint, however, is not in compliance with the court's order and does not cure the deficiencies of the prior complaint – deficiencies that were specifically identified by the court. It is clear that Plaintiff has disregarded the instructions contained in the undersigned's report and recommendation and the district court's order. The undersigned, for example, specifically instructed Plaintiff to make "a **short** and **plain** statement of the factual allegations supporting each specifically pleaded cause of

4

action." [Doc. 26 at 29 (emphasis in original)]. The undersigned also explained to Plaintiff that each claim in his second amended complaint "should clearly identify the specific supporting facts and each Defendant responsible for the injury or deprivation that is alleged in that claim." [Doc. 26 at 30]. Plaintiff refused to comply with these instructions. Instead, he filed another lengthy and confusing shotgun pleading consisting of 82 pages and 295 paragraphs. [Doc. 33]. Plaintiff also did not identify the factual allegations supporting each specific claim. Like the prior complaint, every count of the second amended complaint incorporates by reference the laundry list of statements contained in more than 230 paragraphs labeled "Factual Allegations." [Doc. 33 ¶¶ 245, 250, 259, 268, 271, 273, 275, 280, 292]. As Defendants correctly note, this latest complaint "sets forth rambling, overly detailed accounts of alleged facts with no indication of which, if any, are significant to his confusingly stated legal claims set forth in and among Counts One through Eight." [Doc. 35 at 3-4].

In the report and recommendation, the undersigned informed Plaintiff that his second amended complaint must "delete all conclusory legal allegations and all legal arguments." [Doc. 26 at 29]. The court also noted that Plaintiff's first amended complaint was filled with conclusory and speculative assertions. The court wrote:

> For example, in his Title VII sex discrimination claim asserted in Count One, Plaintiff twice speculates that "if he was a female," he would have

5

AO 72A
(Rev.8/82)

> been treated more favorably and "would not have been issued the letter
> of reprimand, terminated, and Plaintiff would've been re-hired based on
> the Board of Review panel's recommendation."

[Doc. 26 at 9; Doc. 4 ¶¶ 301-04]. In his second amended complaint, Plaintiff not only fails to delete the conclusory allegations and speculations, he has added more of them. At least seven times Plaintiff speculates that "if he was a female" or "if he was an African-American," he would have been treated more favorably by Defendants. [Doc. 33 ¶¶ 253, 255, 261-65]. In addition, among the almost 300 paragraphs in his latest complaint, Plaintiff includes a confusing array of legal citations, regulations from a University handbook, legal conclusions, and speculations about other individuals' motivations for taking certain actions. [Doc. 33 ¶¶ 24-26, 47, 49, 74, 230-31, 237, 238, 264, 276]. Given Plaintiff's failure to follow the court's explicit and detailed instructions, it is apparent that Plaintiff's conduct is not negligent but is a willful failure to obey a court order.

As noted in the report and recommendation, the Eleventh Circuit has explained that Federal Rules of Civil Procedure 8 and 10 "work together to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, [and] the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which

relief can be granted. . . ." Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 980 n.57 (11th Cir. 2008) (citation and internal quotation marks omitted). Plaintiff, as discussed *supra*, has not presented his claims discretely and succinctly, and the court is unable to discern what Plaintiff is claiming or which facts allegedly support each of his claims. Moreover, neither the court nor Defendants can be expected to cull through the hundreds of allegations made by Plaintiff in an attempt to determine those that may have some relevance to his various claims. Given Plaintiff's decision to disregard a court order that directed him to file a complaint that complies with the Federal Rules of Civil Procedure, the next issue that must be addressed is what action the court should take in response thereto.

Local Rule 41.3A(2), N.D. Ga., provides in part that "[t]he court may, with or without notice to the parties, dismiss a civil case . . . if . . . (2) A plaintiff . . . fail[s] or refuse[s] to obey a lawful order of the court in the case. . . ."[1] Federal Rule of Civil Procedure 41(b) provides in pertinent part: "If the plaintiff fails . . . to comply with .

---

[1]Local Rule 41.3B, N.D. Ga., also provides in pertinent part: "In accordance with Fed. R. Civ. P. 41(b), a dismissal . . . operates as an adjudication upon the merits of the action unless the court specifies otherwise in its order of dismissal."

7

. . a court order, a defendant may move to dismiss the action. . . ."[2] "The court's power to dismiss is an inherent aspect of its authority to enforce its orders and insure prompt disposition of lawsuits." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985) (citation omitted). In Heard v. Nix, the Eleventh Circuit Court of Appeals stated that:

> [t]he legal standard to be applied under Rule 41(b) is whether there is a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice. Dismissal of a case with prejudice is considered a sanction of last resort, applicable only in extreme circumstances.

170 Fed. Appx. at 619 (citation and internal quotation marks omitted). However, the court noted, "We have upheld an involuntary dismissal with prejudice under Rule 41(b) when a *pro se* appellant not only exhibited a pattern of delay, but also received a warning of dismissal and refused to obey court orders to appear." Id. (citations and internal quotation marks omitted). "While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

---

[2]Pursuant to Rule 41(b), an action may also be dismissed by the district court *sua sponte* if a party fails to obey a court order. See Heard v. Nix, 170 Fed. Appx. 618, 619 (11th Cir. 2006).

8

The Eleventh Circuit recently addressed a case similar to the present one in Liebman v. Deutsche Bank Nat'l Trust Co., 2012 WL 577342 (11th Cir. February 23, 2012). Because the *pro se* plaintiffs in Liebman filed a shotgun complaint, the district court dismissed the action without prejudice and granted the plaintiffs leave to file an amended complaint. Id., at *1-2. The court also instructed the plaintiffs to file a pleading which would cure the numerous deficiencies found in the original complaint. Id., at *1, 3. Although the plaintiffs filed a document styled as an "Amended Complaint," the district court found that the plaintiffs failed to comply with the prior order and dismissed the action. Id. The Eleventh Circuit affirmed the decision and held that the district court was "permitted to dismiss the complaint for failure to comply with its order" pursuant to Rule 41(b). Id., at *3.

In the present case, Plaintiff Harrison filed a lengthy and rambling shotgun complaint and the court, as required by the Eleventh Circuit, ordered him to file an amended complaint that complies with the Federal Rules of Civil Procedure. See Atkins, 470 F.3d at 1354 n.6. The district court also warned Plaintiff that if he "fail[ed] to file an appropriate substituted amended complaint. . . , this action will be dismissed with prejudice." [Doc. 32 at 2-3]. Despite this warning, and despite the specific instructions given by the court on the requirements of an appropriate

9

complaint, Plaintiff disregarded the court's order and filed another lengthy and confusing shotgun complaint that does not comply with the Federal Rules of Civil Procedure. [Doc. 32 at 2-3]. Plaintiff Harrison's "actions cannot be characterized as simple negligence when he was made explicitly aware of what he needed to do and the consequences of not doing it." McIntosh v. Gauthier, 182 Fed. Appx. 884, 887 (11th Cir. 2006). In light of these facts, the undersigned concludes that lesser sanctions would not be sufficient and that Plaintiff's complaint should be dismissed pursuant to Rule 41(b). See Sussman v. Salem, Saxon and Nielsen, P.A., 154 F.R.D. 294, 299 (M.D. Fla. 1994) (dismissal of an action pursuant to Rule 41(b) is appropriate "when a litigant has failed to obey a direct order of the court").

Defendants have offered other arguments in support of their motion to dismiss based on Plaintiff's failure to state a claim upon which relief can be granted. [Doc. 35 at 7-15]. For example, Defendants argue that dismissal is warranted under Rule 12(b)(6) due to Plaintiff's failure to assert sufficient allegations "to further a claim of race discrimination or retaliation under § 1981" and because the individual Defendants are entitled to qualified immunity. [Id.]. The undersigned finds that it is unnecessary to address these arguments in light of the facts establishing that Plaintiff's complaint should be dismissed pursuant to Rule 41(b) for failure to comply with a court order.

AO 72A
(Rev.8/82)

However, if the district does not adopt the undersigned's recommendation to dismiss Plaintiff's complaint, then Defendants will be granted leave to assert these arguments in a renewed motion to dismiss.

For the foregoing reasons and cited authority, the undersigned **RECOMMENDS** that Defendants' motion [Doc. 35] to dismiss Plaintiff Harrison's second amended complaint [Doc. 33] be **GRANTED** pursuant to Rule 41(b) and that the complaint be dismissed with prejudice.

The Clerk is **DIRECTED** to terminate this reference.

**SO RECOMMENDED** this 20th day of March, 2012.

_____
JANET F. KING
UNITED STATES MAGISTRATE JUDGE