```
                IN THE UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF GEORGIA
                          ATLANTA DIVISION


RICHARD V. HARRISON,

         Plaintiff,
                                      CIVIL ACTION NO.
v.                                    1:11-cv-1312-JEC

BOARD OF REGENTS OF THE
UNIVERSITY SYSTEM OF GEORGIA,
et al.,

         Defendants.
```

## ORDER AND OPINION

The above entitled action is presently before the Court on the Magistrate Judge's Final Report and Recommendation ("Final R&R") [41] recommending granting defendants' Motion to Dismiss Second Amended Complaint [35]. On April 11, 2012, plaintiff filed Objections [44] to the Final R&R [41]. The Court has reviewed the Final R&R [41] and, for the following reasons, finds the magistrate judge's conclusions to be well-founded.

## DISCUSSION

Plaintiff had previously filed a 105-page Amended Complaint, containing 344 paragraphs, arising out of numerous interactions and disputes that he had with co-workers and

supervisors during his almost two-year employment with Georgia State University, and culminating in his termination. (Am. Comp. [4-1].) He alleged federal claims of retaliation, hostile work environment, sex and national origin discrimination, in violation of Title VII, as well as First and Fourteenth Amendment claims pursuant to § 1983. He also alleged a variety of state law claims. (*Id.* at 1-2.)

In her initial Report and Recommendation ("R&R") [26], the magistrate judge addressed, among other things, defendants' motion to dismiss on Rule 12(b)(6) grounds. Citing *Twombly*[1] and FED R. CIV P. 8(a)(2), defendants essentially contended that plaintiff's complaint was unwieldy and impossible to defend against, as it was little more than a long list of facts and conclusory allegations, with a few legal labels thrown in, here and there. (R&R [26] at 4-7.)

The magistrate judge agreed. She noted that plaintiff's complaint was a classic "shotgun" pleading, with an "unfocused laundry list of allegations," that are "indefinite and conclusory," and without any specificity as to "which factual

---

[1] *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007). (R&R [26] at 5.)

2

allegations support each claim." (*Id.* at 7-9.) Rather than dismiss plaintiff's complaint for its pleading deficiencies, the magistrate judge permitted plaintiff to file a new amended complaint and gave him specific directions as how the earlier complaint should be corrected. (*Id.* at 27-30.)

This Court adopted the magistrate judge's R&R and directed plaintiff to file a substituted amended complaint that was compliant with the magistrate judge's admonition and the civil rules of procedure, and to do so by a certain deadline, else face dismissal with prejudice of his complaint. (Order [32] at 2-3.)

Plaintiff timely filed this new amended complaint, which he called his Second Amended Complaint [33]. This complaint was 81 pages in length, with 295 paragraphs. While somewhat shorter than the original complaint, this complaint suffered from the same defects as the complaint addressed by the magistrate judge in her initial R&R [26]. Agreeing with defendants' objection that plaintiff had not complied with the earlier order, the magistrate judge noted that this latest complaint "sets forth rambling, overly detailed accounts of alleged claims set forth in and among Counts One through Eight." (Final R&R [41] at 5.)

3

Not only was it still replete with the same "conclusory and speculative assertions" as before, but plaintiff had added new conclusory statements. (*Id.* at 5-6.) In addition, plaintiff had thrown in a "confusing array of legal citations, regulations from a University handbook, legal conclusions, and speculations about other individuals' motivations for taking certain actions." (*Id.* at 6.)

As a result, the magistrate judge concluded that "[g]iven [p]laintiff's failure to follow the court's explicit and detailed instructions, it is apparent that [p]laintiff's conduct is not negligent but is a willful failure to obey a court order." (*Id.* at 6.) Morever, the magistrate judge indicated her inability to "discern what [p]laintiff is claiming or which facts allegedly support each of his claims." (*Id.* at 7.) Accordingly, the magistrate judge recommended that plaintiff's complaint be dismissed with prejudice. (*Id.* at 7-9.)

Plaintiff has filed Objections [44]. He insists that any noncompliance with the magistrate judge's directive was not willful. The Court is skeptical. This is not plaintiff's first federal employment suit. He sued his previous employer, IBM,

4

in this Court, again raising national origin and sex claims.[2] *See Harrison v. International Business Machines (IBM)*, Civil Action Nos. 1:06-cv-02549-JEC and 1:07-cv-01220-JEC. In those cases, the magistrate judge issued a lengthy R&R [131], adopted by this Court, granting the defendant's motion for summary judgment. That exhaustive R&R gave plaintiff a thorough tutorial in Title VII law, alerted him to the type of analysis that should be brought to bear in these kinds of cases, and thereby instructed plaintiff on the pertinent information that should be included, in a coherent way, in any future complaint. Likewise, in its own order affirming the grant of summary judgment, the Eleventh Circuit offered an even more focused and concise explanation of the elements of these kinds of claims. (*Id.* at Dkt. No. [162].)

Accordingly, plaintiff is no novice in the area of employment law, including the analysis and pertinent facts that attend this type of litigation. To make amends, plaintiff has now attached to his Objections a Third Amended Complaint [44-9]

---

[2] Plaintiff also claimed racial discrimination in the *IBM* case. That claim was not made here, presumably because it appears that many of the decision-makers and comparators at Georgia State University were black, as is plaintiff.

5

that he believes represents an improvement over his last complaint.  At 46 pages and 188 paragraphs, this complaint is shorter and more focused.  Yet, that plaintiff was able to file a more compliant pleading suggests that his failure to do so before was purposeful.  Further, while this complaint is better, it still suffers from some of the same defects as his earlier complaints in terms of conclusory allegations.

For example, in his substantive counts, he continues his practice of making conclusory statements to which the magistrate judge previously objected, in the vein of "if he was of African-American decent [sic]/native," whatever was being complained of would not have happened.  (*See* 3d Am. Compl. [44-9] at ¶¶ 77, 79), in which plaintiff states in his national origin claim that had he been a native African American, which presumably means if he were black, but born inside the United States, he would not have been discriminated against.  In his sex discrimination claim, he does the same thing, asserting that were he a female, he would not have been terminated.  (*Id*. at ¶¶ 84-88.)

In a typical, straight-forward Title VII case, such articulation might be clear enough to pass Rule 8 muster. Here, however, plaintiff's disharmony extended across so many

6

different co-workers and supervisors, protected categories, and alleged types of discriminatory conduct that it would have been helpful had plaintiff been a bit more specific as to which of the 68 factual allegations pertained to which claim. As it is, in Counts II (national origin discrimination) and III (sex discrimination), plaintiff refers to the entirety of factual allegations in ¶¶ 13-68, meaning the facts in support of each claim are still not precisely stated. (*Id.* at ¶¶ 74-90.)

The Court will not, however, now dissect this latest complaint to see if would have passed muster under the magistrate judge's directive because plaintiff should have filed it when he was directed to file a compliant substituted amended complaint. Even assuming, without deciding, that this newest complaint would be adequate, the defendants, magistrate judge, and undersigned would once again have to embark on another examination of his complaint to see if it were properly pled. It is late in the day for that exercise. In short, plaintiff has greatly burdened the magistrate judge, defendants, and the undersigned with his slow, grudging, and non-compliant response to a court order. Given his experience as a Title VII litigant, he knows better.

Accordingly, the Court **ADOPTS** the magistrate judge's Final R&R [41] granting defendants' Motion to Dismiss Second Amended Complaint [35]. The Court will, however, do so without prejudice. In other words, if the plaintiff wishes to reinitiate litigation on this dispute, he may, but he will have to file a new lawsuit, and pay a new filing fee.[3] As to any claims not already dismissed with prejudice by the magistrate judge and this Court, these remaining claims (Counts 2, 3, and 7) are dismissed without prejudice.

SO ORDERED, this 20th day of SEPTEMBER, 2012.


/s/ Julie E. Carnes
JULIE E. CARNES
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] The Court notes that paying a new filing fee is a gentle burden, as plaintiff's conduct justifies an order requiring him to compensate the defendants for the expense they incurred in having to litigate, at length, plaintiff's non-compliant complaints.

8

AO 72A
(Rev.8/82)